UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
RAYMOND J. CERILLI            :    Civil No. 3:21CV01738(SALM)
                              :
v.                            :
                              :
SUSAN BYSIEWICZ, et al.       :    March 22, 2022
                              :
------------------------------X
```

## INITIAL REVIEW ORDER -- AMENDED COMPLAINT

Self-represented plaintiff Raymond J. Cerilli ("plaintiff" or "Cerilli"), an sentenced inmate[1] confined at Osborn Correctional Institution ("Osborn"), brings this action against defendants Lt. Governor Susan Bysiewicz; Warden Jesus Guadarrama; Dr. James Smyth, Optometry; P.A. Nurse Hannah Sullivan; Dr. Henry Fedus, Podiatry; Counselor Correctional Officer Johnson; Administrative Captain Colon; and Dr. Lawler, Mental Health. See Doc. #25 at 1-7.

On February 4, 2022, the Court issued an Initial Review

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that Cerilli was sentenced on January 18, 1991, to a term of imprisonment that has not expired. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=162375 (last visited March 22, 2022).

1

Order of the original Complaint, dismissing the Complaint in its entirety, without prejudice to refiling on or before February 25, 2022. See Doc. #21 at 9. On February 18, 2022, plaintiff filed an Amended Complaint. See Doc. #25. The Court now proceeds to review of that Amended Complaint.

I.   **STANDARD OF REVIEW**

Under section 1915A of Title 28 of the United States Code, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). This duty includes review of amended complaints. The Court then must "dismiss the complaint, or any portion of the complaint, if" it "is frivolous or malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). The commands of §1915A "apply to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid the filing fee." Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Dismissal under this provision may be with or without prejudice. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004).

A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which

they are based and to demonstrate a plausible right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that complaints filed by self-represented litigants "'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for self-represented litigants). However, even self-represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. See Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019); see also Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

"While the Court construes complaints filed by self-represented plaintiffs liberally, the deference usually granted to pro se plaintiffs need not be expansively drawn where the

plaintiff has extensive litigation experience, as this plaintiff does." Whitnum v. Off. of the Chief State's Att'y, No. 3:18CV01991(JCH)(SALM), 2019 WL 9364156, at *2 (D. Conn. Nov. 15, 2019), report and recommendation adopted, 2020 WL 3978774 (D. Conn. Feb. 20, 2020), aff'd, 836 F. App'x 75 (2d Cir. 2021) (citations and quotation marks omitted).[2]

## II.  DISCUSSION

The Court construes the Amended Complaint, very generously, as asserting an Eighth Amendment claim for deliberate indifference to serious medical needs against defendants Bysiewicz, Guadarrama, Sullivan, Smyth, Fedus, and Lawler. See Doc. #25 at 13-22, 26. The Amended Complaint also makes allegations relating to the "robbing" of plaintiff's mail, see, e.g., id. at 23-24; the water quality at Osborn, see, e.g., id. at 11-12; and the closing of the law library. See id. at 41.

---

[2] Plaintiff has filed 29 civil actions and a habeas petition in this Court as a self-represented party. He has also filed at least ten self-represented civil actions in the Connecticut Superior Court.

Plaintiff is also subject to the "three-strikes" rule of the Prison Litigation Reform Act, which prohibits prisoners from filing civil actions in forma pauperis ("IFP") when they have filed three or more prior actions that were "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted[.]" 28 U.S.C. §1915(g). Plaintiff is subject to this bar because the Court has previously dismissed at least three actions brought by him IFP. See Doc. #8 at 2. Plaintiff has paid the required filing fee in this case and does not proceed IFP.

A.   **MISJOINDER AND SEVERANCE**

Plaintiff makes allegations potentially relating to at least four unrelated claims in this single civil action. His primary complaint appears to be deliberate indifference to his serious medical needs; however, he also makes unrelated allegations relating to theft of his mail, the water quality at Osborn, and the closing of the law library.

Federal Rule of Civil Procedure 20 permits joinder of multiple defendants in one action only if "any right to relief is against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences; <u>and</u> ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." <u>Dixon v. Scott Fetzer Co.</u>, 317 F.R.D. 329, 331 (D. Conn. 2016) (citation and quotation marks omitted). As the Second Circuit has observed in the Rule 13 context,[3] whether two claims arise

---

[3] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." <u>Barnhart v. Town of Parma</u>, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted).

out of the same transaction depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Harris v. Steinem, 571 F.2d 119, 123 (2d Cir. 1978).

"Where, as here, plaintiffs' claims under the same statutory framework arise from different circumstances and would require separate analyses, they are not logically related." Costello v. Home Depot U.S.A., Inc., 888 F. Supp. 2d 258, 264 (D. Conn. 2012). The four sets of allegations brought by plaintiff are unrelated to one another. The Court finds that all potential claims relating to the theft of plaintiff's mail, the water quality at Osborn, and the closing of the law library are misjoined. These claims therefore "are dismissed without prejudice to the right of [plaintiff] to bring a properly pled lawsuit." Kalie v. Bank of Am. Corp., 297 F.R.D. 552, 559 (S.D.N.Y. 2013).

The court may "drop a party[]" that it finds to be misjoined. Fed. R. Civ. P. 21. "The court may also sever any claim against a party." Id. The allegations against defendant Johnson are limited to the theft of plaintiff's mail. See Doc. #25 at 23-24, 34-35. The allegations against defendant Colon are

6

limited to the assertion that Colon "block[s] plaintiff of [his] rights[]" and "lie[s] to get his way[.]"[4] Id. at 25. These allegations are unrelated to plaintiff's primary allegations of deliberate indifference to his serious medical needs. Defendants Johnson and Colon are therefore "dropped" from this action.

### B.   DELIBERATE INDIFFERENCE

The United States Supreme Court has held that

> deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983.

Estelle v. Gamble, 429 U.S. 97, 104-05 (citations, quotation marks, and footnotes omitted). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citations and quotation marks omitted).

> A deliberate indifference claim has two elements. The first, which is objective, requires the inmate to show that he was actually deprived of adequate medical care by an official's failure to take reasonable measures in response to a sufficiently serious medical condition.

---

[4] The Court has done its best to reproduce plaintiff's statements throughout this Order as written, other than his punctuation.

> The second element, which is subjective, requires the inmate to demonstrate that the official acted with a culpable state of mind of subjective recklessness, such that the official knew of and consciously disregarded an excessive risk to inmate health or safety. Mere allegations of negligent malpractice do not state a claim of deliberate indifference.

Thomas v. Wolf, 832 F. App'x 90, 92 (2d Cir. 2020) (citations and quotation marks omitted). In sum, an inmate bringing a deliberate indifference claim must show an objectively serious deprivation of medical care, and a "sufficiently culpable state of mind." Morgan v. Dzurenda, 956 F.3d 84, 89 (2d Cir. 2020) (citation and quotation marks omitted).

Under the objective prong, the inmate's medical need or condition must be "a serious one." Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003). "A condition of urgency, one that may produce death, degeneration, or extreme pain must exist." Nails v. Laplante, 596 F. Supp. 2d 475, 480 (D. Conn. 2009) (citation and quotation marks omitted). The Second Circuit has identified a number of factors relevant to the question of seriousness, including "whether a reasonable doctor or patient would find it important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain." Young v. Choinski, 15 F. Supp. 3d 172, 182 (D. Conn. 2014) (citations and quotation marks omitted). A court may also consider whether the

8

denial of medical care results in further injury or significant pain. See id.

Under the subjective prong, a defendant "must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions." Nails, 596 F. Supp. 2d at 480. "Mere negligence will not support a section 1983 claim; the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law. Thus, not every lapse in prison medical care will rise to the level of a constitutional violation; rather, the conduct complained of must shock the conscience or constitute a barbarous act." Pimentel v. Deboo, 411 F. Supp. 2d 118, 128 (D. Conn. 2006) (citations and quotation marks omitted).

### 1. Lt. Governor Susan Bysiewicz

Plaintiff states that he "mailed certified mail, for help[]" relating to his medical conditions to defendant Bysiewicz. Doc. #25 at 13. He asserts that he "reported [a] lot of information to her[]" and that she is "liable for [his] health [and] safety[.]" Id. He asserts that she received his requests for assistance but did nothing, and that she is "responsible for the COVID-19 problem/and the water problem[.]" Id. at 13-14.

Plaintiff has failed to allege defendant Bysiewicz's personal involvement in any constitutional violation. When bringing a claim pursuant to §1983, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). "[A]s a matter of law, a defendant's mere receipt of a letter or grievance, without personally investigating or acting thereon, is insufficient to establish personal involvement." Alvarado v. Westchester Cnty., 22 F. Supp. 3d 208, 215 (S.D.N.Y. 2014) (citation and quotation marks omitted).

Plaintiff alleges only that Bysiewicz failed to take any action based on the letter or letters he sent to her. This is insufficient to adequately allege personal involvement. Accordingly, any claims against Bysiewicz in her individual capacity are **DISMISSED** for failure to allege personal involvement.

    2.   Warden Jesus Guadarrama

Plaintiff states that "the warden is deliberate indifferent medical[.]" Doc. #25 at 15 (sic). Construed generously, plaintiff's deliberate indifference allegations against Warden Guadarrama are limited to not allowing plaintiff to have

"diabetic footwear." Id. Plaintiff states that Warden Guadarrama took away his footwear when he transferred to Osborn, and informed him that "medical will get [him] diabetic footwear." Id. These allegations do not support a claim for deliberate indifference to plaintiff's medical needs; rather, plaintiff alleges that Warden Guadarrama told plaintiff he could get the treatment he was seeking from the medical staff.

As to the objective element, plaintiff does not adequately allege a sufficiently serious medical need or condition. "'[C]ourts in this Circuit have consistently found that pain and other problems resulting from being forced to wear institutional footwear are not sufficiently serious to satisfy [the objective] prong' of the deliberate indifference standard." Jones v. Ng, No. 14CV01350(AJP), 2015 WL 998467, at *7 (S.D.N.Y. Mar. 5, 2015) (quoting Stevens v. City of N.Y., No. 12CV03808(JMF), 2013 WL 81327, at *3 (S.D.N.Y. Jan. 8, 2013), aff'd, 541 F. App'x 111 (2d Cir. 2013)) (collecting cases).

As to the subjective element, plaintiff does not adequately allege that Warden Guadarrama "was actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions." Nails, 596 F. Supp. 2d at 480. Rather, plaintiff's allegations suggest that Warden Guadarrama was not able to personally provide plaintiff with the

11

treatment he sought, but believed that plaintiff would get that treatment from medical staff. Thus, plaintiff has not alleged facts sufficient to meet either the objective or subjective element of a deliberate indifference claim as to Warden Guadarrama. Accordingly, plaintiff's claim against Warden Jesus Guadarrama is **DISMISSED**.

### 3. P.A. Nurse Hannah Sullivan

Plaintiff brings a variety of allegations against defendant Sullivan. Plaintiff asserts that, despite "suffering high blood pressure" and "nose bleeds[,]" he receives "no help from" her. Doc. #25 at 13. He asserts that she "stopped [his] toe surgery[,]" and conducted the "wrong tests on [his] neck and chest[.]" Id. at 20. He further contends that she was provided with reports concerning his medical conditions but took no action based on those reports. See id. at 20, 29. Plaintiff's allegations suggest that defendant Sullivan serves as plaintiff's primary source of medical care at Osborn. The Court construes plaintiff's allegations as asserting that defendant Sullivan has generally refused to provide plaintiff with medical care, despite being the individual responsible for doing so.

It is unclear from plaintiff's Amended Complaint specifically what his medical conditions are that he believes require a biopsy and surgery. At this initial review stage,

12

undertaken by the Court sua sponte, the Court will permit the allegations against defendant Sullivan to proceed.

4. Dr. James Smyth, Optometrist

Plaintiff asserts that Dr. Smyth "sent [him] out for [the] wrong tests" regarding the light sensitivity in his eyes and refused to provide him further treatment. Doc. #25 at 17. Plaintiff further asserts that Dr. Smyth denied him eye surgery "to correct ... foot-ball eyes[.]" Id. at 18. The claim against Dr. Smyth may proceed.

5. Dr. Henry Fedus, Podiatry

Plaintiff asserts that Dr. Fedus took "away [his] outside foot pass[]" and told him he could get footwear at the commissary. Doc. #25 at 21. Plaintiff further contends that Dr. Fedus was deliberately indifferent to his medical needs because Dr. Fedus "[did]n't care[]" when defendant Sullivan, who "is not a foot doctor[,]" canceled his foot surgery. Id. at 22.

To the extent that plaintiff asserts a deliberate indifference claim against Dr. Fedus for revoking his permission to have outside footwear, this allegation, at most, amounts to a disagreement in treatment decisions, and is insufficient to rise to the level of a constitutional violation. "A claim based on an inmate's disagreement with the defendant's medical judgment as to the proper course of treatment cannot support a

13

constitutional claim for deliberate indifference. And it is generally understood that the ultimate decision of whether or not to administer a treatment or medication is a medical judgment that, without more, does not amount to deliberate indifference." Laurent v. Edwin, 528 F. Supp. 3d 69, 87 (E.D.N.Y. 2021) (citations and quotation marks omitted).

To the extent that plaintiff asserts a deliberate indifference claim against Dr. Fedus for not caring about the cancelation of his surgery, plaintiff has not alleged Dr. Fedus's personal involvement in the cancelation. Accordingly, plaintiff's claim against Dr. Fedus is **DISMISSED**.

      6.   Dr. Lawler, Mental Health

Plaintiff asserts that Dr. Lawler has "denied [him] real medication" by giving him Benadryl instead of medications to treat his mental health condition(s), and that he is allergic to the Benadryl such that it is giving him nose bleeds. Doc. #25 at 26. Plaintiff makes no other allegations regarding Dr. Lawler's actions or inactions.

Again, plaintiff does not allege that Dr. Lawler has refused to provide treatment. Rather, he disagrees with Dr. Lawler's course of treatment, which does not rise to a constitutional violation. See Moore v. City of New York, No. 18CV00496(JPO), 2020 WL 4547223, at *6 (S.D.N.Y. Aug. 6, 2020)

("It is well settled, however, that 'disagreements over medications ... are not adequate grounds for a Section 1983 claim.'" (quoting Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001))). Accordingly, plaintiff's claim against Dr. Lawler is **DISMISSED**.

III. CONCLUSION

Plaintiff's claims relating to the theft of his mail, the water quality at Osborn, and the closing of the law library are **SEVERED** and **DISMISSED, without prejudice**, pursuant to Fed. R. Civ. P. 21. Plaintiff may file separate actions if he wishes to pursue those claims. Any such actions filed in this court will be subject to initial review pursuant to 28 U.S.C. §1915A.

The Court finds that this case may proceed to service of process on plaintiff's Eighth Amendment deliberate indifference to serious medical needs against defendants Sullivan and Smyth, in their individual capacities for damages.

All other claims, and all other defendants, are **DISMISSED.**

On March 3, 2022, plaintiff filed a document tiled "Motion to Make Clear the Respondent(s) Being Sued: or/Complaint Against[.]" Doc. #30 at 1. In this document, he states: "Motion to Withdraw Medical-Claims on #8 Defendant(s): In this claim number 2240233: defendant(s): Susan Bysiewicz; Guadarrama, Jesus; James Smyth; Hannah Sullivan; Henry Fedus; Johnson;

15

Colon; Lawler ... the plaintiff has big case against these defendant(s): and withdraw defendant(s) now: ... please all work related claims can go foreward only." Id. at 11-12 (sic). The Court is unclear on the meaning of this filing. If plaintiff seeks to assert different claims against different defendants, he may file a new action to do so. The Court has concluded that this action may proceed against defendants Sullivan and Smyth only. If plaintiff wishes to voluntarily dismiss his claims against defendants Sullivan and/or Smyth, he may do so, but he will not be able to add additional claims or defendants to this case.

Plaintiff has two options as to how to proceed after this Initial Review Order:

(1) **Plaintiff may proceed immediately to service on defendants** Sullivan and Smyth, in accordance with Rule 4 of the Federal Rules of Civil Procedure. If plaintiff selects this option, he shall file a Notice on the docket on or before **April 21, 2022,** informing the Court that he elects to proceed with service as to the claims against defendants Sullivan and Smyth. The Court will then provide plaintiff with the necessary waiver of service forms. Because plaintiff was not granted leave to proceed in forma pauperis and has paid the filing fee, **the**

16

**United States Marshal Service will not effect service**. Plaintiff is responsible for serving all defendants.

Plaintiff shall file a notice indicating the date on which he mailed the notice of lawsuit and waiver of service of summons forms to the defendants and shall file the waiver of service of summons forms if and when he receives them. If any defendant fails to return a signed waiver of service of summons form, plaintiff shall request a summons from the Clerk and arrange for service on that defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure, a copy of which is attached to this Order.

Connecticut law requires that defendants sued in their individual capacities "be served by leaving a true and attested copy of [the summons and complaint] with the defendant, or at his usual place of abode, in this state." Conn. Gen. Stat. §52-57(a); see also Bogle-Assegai v. Connecticut, 470 F.3d 498, 507 (2d Cir. 2006). Plaintiff may use any legal method for service of process, such as a private process server.

The Complaint must be served within **ninety (90) days** of the date of this Order, that is, on or before **June 20, 2022**. A signed waiver of service or a return of service as to each remaining defendant must be docketed on or before **July 5, 2022**. Failure to obtain timely signed waivers or to timely serve a

defendant will result in the dismissal of this action as to that defendant.

**IN THE ALTERNATIVE:**

**(2) If plaintiff wishes to attempt to state a viable claim against any dismissed defendant, the Court grants him one final opportunity to do so. Plaintiff may file a Second Amended Complaint on or before April 21, 2022.** A Second Amended Complaint, if filed, will completely replace the Complaint and the Amended Complaint, and the Court will not consider any allegations made in the original Complaint or the Amended Complaint in evaluating any Second Amended Complaint. The Court will review any Second Amended Complaint after filing to determine whether it may proceed to service of process on any defendants named therein.

**The Clerk shall** send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

A detailed case management and scheduling order will be entered after defendants are served or waive service of process.

**This Initial Review Order does not preclude the filing of a Motion to Dismiss pursuant to Rule 12.** Defendants are encouraged to carefully evaluate the claims that have been permitted to proceed to service, and respond by Answer or Motion, as

appropriate.

If Plaintiff changes his address at any time during the litigation of this case, he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. **Plaintiff must give notice of a new mailing address even if he remains incarcerated.** Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify the defendants or the attorney for the defendants of his new address.

**Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court.** Plaintiff is advised that the Program may be used only to file documents with the Court. The Local Rules provide that discovery materials are not filed with the court; therefore, discovery requests and responses must be served on defendants' counsel by regular mail.

It is so ordered this 22nd day of March, 2022, at New Haven, Connecticut.

                                                         /s/
                                         SARAH A. L. MERRIAM
                                       UNITED STATES DISTRICT JUDGE